■ HELEN A. STUTZ, Respondent, v WERNER R. STUTZ, Appellant. — In a matrimonial action, defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Walsh, J.), dated April 13, 1983, as granted reargument of plaintiff wife's motion for, *inter alia,* discovery and inspection of certain corporate records, and for accountant and appraisal fees, and upon reargument, vacated a prior order of the same court, dated January 31, 1983, directed certain nonparty corporations in which defendant held stock interest to produce corporate records, and awarded plaintiff $1,250 to enable her to retain an accountant. Order modified, on the law, by deleting the first decretal paragraph which directed nonparty corporations to produce corporate records for discovery and inspection. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Special Term erred in ordering the nonparty corporations to produce their corporate records because plaintiff failed to provide notice of the motion to the nonparties (CPLR 3120, subd [b]). Lazer, J. P., Gibbons, Weinstein and Boyers, JJ., concur.

■ HARRY WEINSTEIN et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 64786.) — In a condemnation proceeding, the State of New York appeals from a judgment of the Court of Claims (Silverman, J.), dated November 19, 1982, which, after a nonjury trial, awarded claimants a total sum of $54,553.02 for the appropriation of real property owned by them. Judgment reversed, on the law and the facts, without costs or disbursements, and matter remitted to the Court of Claims for further proceedings consistent herewith. On May 20, 1980, the State acquired title to a narrow strip of vacant and unimproved property owned by claimants. Due to the taking, egress and ingress to claimants' property from Sunrise Highway was eliminated. The remaining parcel was accessible solely via North Queens Avenue. The State alleges that the court erred in assuming that said adjoining street was, at the time of taking, a one-way thoroughfare, thus curtailing access to claimants' property, when in actuality it was a two-way street providing full access. The evidence in the record is not sufficient to enable us to review the award inasmuch as there is confusion as to whether or not North Queens Avenue was a two-way street at the time of the taking. Accordingly, there must be a new trial at which that limited issue can be resolved and an appropriate award rendered based on the court's determination. Mangano, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.