■ WALTER GADLIN, Appellant, v DEBORAH GADLIN, Respondent.—In a matrimonial action, plaintiff husband appeals from an order of the Supreme Court, Westchester County (Marasco, J.), dated October 10, 1984, which, among other things, (1) denied his motion, *inter alia,* to dismiss defendant wife's application for an upward modification of child support, and (2) granted her cross motion, *inter alia,* to require the plaintiff to serve copies of certain of the Federal income tax returns of his present wife, a nonparty, upon the defendant.

Order modified, by deleting therefrom the provision requiring plaintiff to serve copies of his present wife's Federal income tax returns upon the defendant. As so modified, order affirmed, without costs or disbursements.

In February 1984, defendant moved, *inter alia,* for an upward modification of child support. On May 8, 1984, Special Term (Nastasi, J.), ordered a hearing on defendant's applica-

tion, to be preceded by a mutual exchange of the parties' Federal income tax returns for the years 1980 to 1983, and mutual depositions. The final date for the mutual exchange of said income tax returns as fixed by the order was June 5, 1984, and the final date for the holding of depositions was fixed as June 23, 1984.

On June 27, 1984, plaintiff moved to dismiss defendant's application on the grounds (1) that defendant's income tax returns were untimely submitted on June 15, 1984 and failed to include the applicable supporting schedules, and (2) that defendant had not, as yet, served a notice to depose the plaintiff. Defendant thereupon cross-moved for permission to depose Judith Gadlin, plaintiff's second wife, and for the production of her Federal income tax returns for the years during which she has been married to the plaintiff. Defendant claimed that the production of Judith Gadlin's income tax returns was necessary since plaintiff had transferred several assets to his new wife in order to prevent defendant's discovery thereof; that plaintiff's income tax returns do not show any interest income on the $14,000 which defendant paid to the plaintiff for the purchase of his net share in the former marital home; and that a brownstone owned by the plaintiff must have been transferred to Judith Gadlin. Defendant also set forth an explanation for her lack of timely compliance with the May 8, 1984 order. However, service of this cross motion was made only upon plaintiff's counsel, and there has been no assertion that service was ever effected upon Judith Gadlin, a nonparty to the action.

Plaintiff's affidavit in opposition to the cross motion averred (1) that there was no taxable gain on the $14,000 sale of his interest in the former marital home; (2) that no interest was earned on the proceeds of said sale, as they were not placed into an interest bearing account but were used, instead, to satisfy debts; (3) that he never owned a brownstone; and (4) that he never transferred any of his assets or the income therefrom to his present wife. Judith Gadlin also submitted an affidavit in opposition to the cross motion in which she denied the allegations regarding her receipt of income from the plaintiff, as well as the transfer of any of his assets to her. The opposition papers did not direct the court's attention to CPLR 3120 (b), which requires that the service of the notice of motion for discovery against a nonparty be made, inter alia, upon the nonparty in the same manner as a summons. In Stutz v Stutz (97 AD2d 541), this court, citing to CPLR 3120 (b), stated "Special Term erred in ordering the nonparty

corporations to produce their corporate records because plaintiff failed to provide notice of the motion to the nonparties".

In view of defendant's tenable explanation of the reasons which delayed her compliance with the court-ordered disclosure, we find no abuse of discretion in Special Term's denial of plaintiff's motion to dismiss the proceeding for an upward modification of child support. In this connection, we note that Special Term also ordered the defendant to promptly serve the missing schedules from her income tax returns upon the plaintiff.

As for defendant's cross motion, Special Term's direction that plaintiff serve copies of certain of his new wife's Federal income tax returns and the supporting schedules upon the attorneys for the defendant was clearly improper due to the lack of compliance with the service requirements of CPLR 3120 (b). Under these circumstances, the mere fact that Judith Gadlin submitted an affidavit, *inter alia,* in support of her husband's allegation that he had not transferred any of his assets to her did not constitute a waiver of her rights under CPLR 3120 (b), especially in view of her all-embracing statement that her affidavit in opposition was being submitted "without prejudice". However, assuming, arguendo, that the submission of such an affidavit constituted an acceptance of the court's jurisdiction, we find that defendant's explanation of her need for copies of the income tax returns of the plaintiff's new wife falls far short of the requirements of CPLR 3101 (a) (4). The provision of the order requiring the service of copies of certain of the nonparty Judith Gadlin's Federal income tax returns should, therefore, be vacated. Bracken, J. P., O'Connor, Rubin and Kunzeman, JJ., concur.